# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAMES CORREA, ON HIS OWN BEHALF
AND OTHERS SIMILARLY SITUATED,**

                **Plaintiffs,**

**-vs-**                                          **Case No. 6:10-cv-1656-Orl-28DAB**

**JOE GOLDBLATT, THE GOLDBLATT
GROUP, INC.,**

                **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 25)**
>
> **FILED:** August 25, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

Following a successful mediation in this Fair Labor Standards Act ("FLSA") case, the Court issued an Order directing the parties to file settlement documents sufficient to perform a fairness review, including evidence with respect to the reasonableness of any attorney's fee (Doc. Nos. 23, 24). *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). The instant motion followed.

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id*. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Applied here, according to the Joint Motion, Plaintiff was employed as a Certified Kitchen Designer and paid on a salary basis. Defendants claimed that Plaintiff was appropriately classified as exempt from the FLSA's overtime provisions, while Plaintiff asserted that he was misclassified, and owed an average of approximately fifteen (15) overtime hours per week during a total of approximately 135 weeks, totaling $25,816.35 on a half-time basis if a three (3) year statute of limitations period would have been found applicable, and $17,200.00, if a (2) two year statute applied. In addition to the exempt defense, Defendants asserted the "good faith" defense, and contested the

applicability of both the three year statute and the availability of liquidated damages. According to the motion, both sides considered the strength of the other's case, as well as the potential recovery, the cost of trial, and Defendants' financial circumstances, in reaching the settlement. The parties represent that: "Under the terms of the agreement reached at Mediation on July 23, 2011, Defendants have agreed to pay Plaintiff total consideration of $21,000.00 to resolve all of his claims for overtime wages, liquidated, and *other damages*, through a payment plan spanning the time period between August 22, 2011 and February 22, 2012." (emphasis added). In addition, Defendants have agreed to pay the compromise sum of $8,653.50 to resolve Plaintiff's attorneys' fees, along with paying $2,346.50 for costs incurred in this action. The parties ask the Court to approve same, dismiss this case with prejudice, and retain jurisdiction to oversee and enforce the payment plan under the settlement.

With respect to the settlement amount to Plaintiff, it is not clear from the agreement or the motion what "other" damages are claimed. According to the breakdown set forth in the agreement, Defendants agree to pay a total of $10,500 for alleged overtime and $10,500 for alleged liquidated damages (Doc. No. 25-1). In view of the many variables and defenses set forth above, the Court finds no reason to question the parties' representation that this is a fair and reasonable compromise.

As for the attorney's fees, in FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). The Eleventh Circuit Court of Appeals has recently clarified this holding to make clear, however, that

"[t]he FLSA plainly requires that the plaintiff receive a *judgment* in his favor to be entitled to attorney's fees and costs." *Dionne v. Floormasters Enterprises, Inc.*, – F.3d –, 2011 WL 3189770, 6 (11th Cir. 2011) (emphasis added – affirming decision denying attorney's fees where court granted motion to dismiss after defendant denied liability but tendered full payment of alleged damages to resolve case and render it moot). As the impact of *Dionne* has yet to be determined, and as the instant motion presents the fee as part of a stipulated settlement with both sides urging approval, the Court reviews the fee under the traditional FLSA analysis.

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 Fed. Appx. 349, 351, 2009 WL 73164, 2 (11th Cir. 2009); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp. 2d 1259 (M.D. Fla. 2008) (applying lodestar analysis in FLSA case). As noted above, Defendants have agreed to pay $8,653.50 to resolve Plaintiff's attorneys' fees, along with paying $2,346.50 for costs. In the papers, Plaintiff's counsel avers that his actual fees total approximately $11,602.50, inclusive of 39.30 hours of Keith M. Stern, Esquire at the rate of $275.00/hour ($10,807.50) and 10.60 paralegal hours at the rate of $75.00/hour ($795.00).

Although a time sheet or other itemized affidavit has not been tendered (despite the Court's Order directing the filing of "evidence" with respect to the reasonableness of any attorney's fee), review of the papers supports a finding that the case likely required the hours claimed. The parties litigated the matter through early unsuccessful settlement attempts, initial discovery, an amended pleading, case management meeting and report, and what is represented to be a full day of mediation. The Court does not quarrel with the hours expended.

As for the hourly rate, however, counsel maintains that he "has been regularly compensated" at this rate, citing numerous cases from the Southern District and a handful of others from the Middle District. The Court is unpersuaded by the cases in the Southern District, as the rate is determined by what the Orlando market will bear. To the extent Plaintiff cites two cases from this division and relies on these cases as authority for a finding that a $275 hourly rate is reasonable, such reliance is not entirely warranted.[1] Nonetheless, as the fee agreed to is *less* than the lodestar were the Court to use a more common rate of $250 per hour (39.30 x 250 = $9,825.00), the Court need not resolve whether counsel's "customary" rate is or is not reasonable here.[2] The Court finds the ultimate fee agreed to ($8,653.50) is fair and reasonable, and supports granting the motion.

As for costs, the agreement provides for reimbursement of the filing fee ($350.00), service of process ($180.00), legal research and investigation costs ($590.00), copying and postage/FedEx ($151.00), Plaintiff's one-half portion of the Mediation fee for Mediator Jill Schwartz, Esquire ($745.45), and travel of Plaintiff's Counsel ($330.00). While the Court would normally not approve taxing travel or "legal research and investigation costs," in view of the compromise on attorney's fees and the fact that the parties have agreed to same, the Court cannot find the total amount of fees and costs to be unreasonable, under the circumstances of this case. Accordingly, the Court concludes that

---

[1] In *Delacruz v. Central Florida Communities, Inc.*, Case No. 6:09-cv-2057-Orl-22KRS (M.D. Fla. Report & Recommendation Aug. 10, 2010 & Order of Approval Aug. 25, 2010), cited by Plaintiff, there is no finding that the rate charged was reasonable. In fact, in her Report, Magistrate Judge Spaulding, citing *Bonetti v. Embarq Mgmt. Co.,* No. 6:07-cv-1335-Orl-31GJK, 2009 WL 2371407,*5 (M.D. Fla. Aug. 4, 2009), held: "[T]he Court will approve this settlement *without considering the reasonableness of the attorney's fees.*" (emphasis added). Similarly, in *Dudley v. Evans Company of Central Florida*, Case No. 6:09-CV-1281-ORL-19DAB (M.D. Fla. Order Approving FLSA Settlement July 20, 2010 including attorneys' fees), the Report issued by the undersigned found such a fee to be "not unreasonable under the circumstances of [that] case." Those circumstances included a year of negotiations under challenging conditions not present here.

[2] Similarly, the total fee includes the paralegal time, which the Court finds fair.

the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354.

The terms of the settlement agreement include payouts to Plaintiff and counsel over time. The parties ask the Court to retain jurisdiction to enforce the settlement agreement. Absent any particularly compelling reason to do so, the Court should decline this request.

It is thus **respectfully recommended** that the motion be **granted, in part** in that the settlement be approved, and the Complaint be dismissed, with prejudice. The Court should **decline** to reserve jurisdiction to enforce the settlement agreement.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 9, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy